ALLAN E. ANDERSON (SBN 133672)
aanderson@rmkb.com
SEAN P. FLYNN (SBN 220184)
sflynn@rmkb.com
JENNIFER N. FAITRO (SBN 265789)
jfaitro@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071
Telephone:   (213) 312-2000
Facsimile:   (213) 312-2001

Attorneys for Defendant
IC SYSTEM, INC.

NICHOLAS J. BONTRAGER (SBN 252114)
KROHN & MOSS, LTD.
10474 Santa Monica Boulevard, Suite 401
Los Angeles, CA  90025
Phone: (323) 988-2400
Fax: (866) 802-0021
Email: nbontrager@consumerlawcenter.com

Attorneys for Plaintiff
CARLA PAGLIA

***NOTE CHANGES MADE BY THE COURT***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA PAGLIA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>IC SYSTEM, INC,<br><br>　　　　　　　Defendant. | Case No.  09cv07755 JHN-CTx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:    Jacqueline H. Nguyen<br><br>***NOTE CHANGES MADE BY THE COURT*** |

//

**IT IS HEREBY STIPULATED** by and between Plaintiff Carla Paglia ("Plaintiff") and IC System, Inc. ("Defendant") through their respective attorneys of record, as follows:

**WHEREAS**, the parties expect that discovery in this action will encompass confidential and proprietary documents and trade secrets of one or more parties, including without limitation financial data such as sales data, revenues, costs, pricing structure, customer information, purchasing information, tax returns, business strategies, and potentially other non-public information, such as personal income, credit and other confidential information of Plaintiff or Plaintiff's witnesses.

**THEREFORE**, It is hereby stipulated, and the parties hereby request, that the Court enter a protective order as follows:

**1. SCOPE:**

(a) This Protective Order shall limit the use and/or disclosure of documents, deposition testimony, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and shall apply to:

    (i) All such documents so designated in accordance with this Protective Order and all information contained therein;

    (ii) Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any designated "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" information;

    (iii) All information, copies, extracts, and complete or partial summaries prepared or derived from information that was designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"; and

    (iv) Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court under seal, which include or refer to any information designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY".

(b) Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

(c) "Confidential Information" is defined as documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets (Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."); (b) business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or accounting information; (d) customer information, including prospective customers; and (e) marketing studies, proformas, projections, and similar information relating to the value and/or potential value of stock, science and technology, and/or other assets or liabilities.

(d) Confidential Information ordinarily should be designated as "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES ONLY." A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is appropriate only where the Confidential Information is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "CONFIDENTIAL" designation. Examples of information warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are documents which contain, disclose, or reflect trade secrets, sensitive customer information,

business and marketing plans and information, or similarly competitively sensitive information.

(e) Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

(f) Nothing in this Order and no party's designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect the use (including the ability to include the document or information in papers not filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

(g) A party's failure to designate a document as its Confidential Information where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's Confidential Information.

**2. DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY.**

(a) Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

(b) Designation of a document as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on each page thereof.

(c) Designation of a deposition or other pretrial testimony, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order, the court reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. Thereafter, any counsel may reopen the deposition into areas which the witness refused to answer after bringing a motion for protective order to resolve whether the person who refused to leave the deposition should be allowed to be present during questioning. After resolution of said motion, counsel shall be allowed to continue said deposition with respect to the questions, and lines of questioning, which the deponent refused to answer, though the court may order that the deposition continue outside the presence of the person who refused to leave the initial deposition. The applicable portions of such deposition transcripts shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each page containing the Confidential Information.

(d) Any party may designate documents or portions of deposition transcripts as containing Confidential Information even if not initially marked as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order by so advising counsel for each party in writing within twenty-one (21) calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as

- 5 -  **STIPULATED PROTECTIVE ORDER**

1 Confidential Information. Thereafter each such document or transcript shall be
2 treated in accordance with the terms of this Protective Order. Any person served
3 with written notice of any such designation of previously produced documents or
4 deposition transcripts as containing Confidential Information shall thereafter treat
5 such information as if it had been designated as "CONFIDENTIAL" or
6 "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he, she, or it first
7 received it in connection with this action and shall mark all copies of such
8 documents in his, her, or its possession accordingly.

9 **3.** **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:**

10 (a) No Confidential Information shall be disclosed by anyone receiving such
11 information to anyone other than those persons designated herein, and in no event
12 shall Confidential Information be used, either directly or indirectly, by anyone
13 receiving such information for any business, commercial or competitive purpose or
14 for any purpose whatsoever other than the preparation for or trial of this action in
15 accordance with the provisions of this Protective Order.

16 (b) Confidential Information designated "CONFIDENTIAL" shall not be disclosed by
17 any person who has received such information through discovery in this action to
18 any other person except to:

19 (i) Retained counsel for any party to this action and their respective associates,
20 clerks and employees involved in the conduct of this litigation, but not
21 including in-house counsel to either party, defined as counsel regularly
22 employed or paid by, or associated with, a party, and/or whose offices are
23 located within any premises of a party;

24 (ii) The parties hereto, and their present officers, directors and employees;

25 (iii) Outside experts and consultants retained by a party for the purpose of
26 preparing or assisting in this litigation, and their respective clerks and
27 employees involved in assisting them in this litigation, to the extent
28 deemed necessary by counsel;

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

(iv) Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

(v) Court reporters and similar personnel, provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

(vi) Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness.  Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief; and

(vii) Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.

(c) Confidential Information designated "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has received such information

- 7 -                **STIPULATED PROTECTIVE ORDER**

through discovery in this action to any other person except to:

(i) Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

(ii) Outside experts and outside consultants assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(iii) Any person who actually was involved in the preparation of the document or who appears on the face of document as the author, addressee, or other recipient, or is currently affiliated with the party that produced or appears to have prepared said document;

(iv) Court reporters and similar personnel, provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

(v) Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information. In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this

|  |  |  |
|---|---|---|
|  |  | provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief; and |
|  | (vi) | Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order. |
| (d) |  | Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii) or 3(c)(vi) receives or is shown any document or information which has been designated as confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel, and transmitted by facsimile to all other counsel of record. If any counsel objects to showing the signatory documents subject to this Order, the objecting party shall give facsimile notice of its objections and the grounds therefore and shall have five business days to file and serve a motion for protective order. If no objection is raised or no motion for protective order is filed and served within five days thereafter, all objections to showing the signatory documents shall be waived and the signatory may be shown the documents subject to this Order. If the person does not so agree, the person may not be shown the document until after a motion for protective order is brought and an order obtained preventing the person from misusing any information in the document. |
| (e) |  | Nothing in this Protective Order shall be construed to require execution of the written Acknowledgement and Agreement referred to in paragraph 3(d) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party. |
| (f) |  | Nothing in this Protective Order shall prevent counsel for either party from |

1 summarizing or discussing in general terms the nature of documents designated as
2 "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" with
3 representatives of their respective clients, outside experts and consultants,
4 deponents or potential witnesses, provided such summary or discussion does not
5 disclose, in any way, the substance of the document so designated, the
6 Confidential Information contained therein, and/or trade secret information of
7 another party.

**4. FILE UNDER SEAL:**

All Confidential Information filed with the Court and any pleading or other paper containing Confidential Information shall be submitted for filing under seal, subject to order of the court, in compliance with Local Rule 79-5.1.

**5. CHALLENGE TO CONFIDENTIALITY DESIGNATION:**

Any party who disagrees with the designation by a party of a document or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential. Prior to bringing such motion, a party who objects to any other party's designation of documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall notify the other party in writing of the objection. The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" all documents and information previously designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" under the terms of this Protective Order. If a motion challenging

///
///
///
///

1 the confidentiality designation is brought, the party or person asserting that a document or other
2 information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL--
3 ATTORNEYS' EYES ONLY" shall bear the burden of proving that the document or other
4 information is Confidential Information.

### 6. SURVIVAL OF ORDER - RETURN OF DOCUMENTS:

(a) The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days of the conclusion of this litigation, the attorneys for the receiving party, after receiving notice from the sending party, shall return all documents (including copies of documents) containing Confidential Information.

(b) Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

**7. USE OF OWN DOCUMENTS BY PRODUCING PARTY:**

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

**8. APPLICATIONS TO COURT:**

(a) This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b) Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c) The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order. The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

**STIPULATED PROTECTIVE ORDER**

**9. NO ADMISSIONS:**

Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY;" or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY." This Order is not intended to modify or waive the provisions of the California Rules of Civil Procedure or of the California Rules of Evidence. This Order does not require the production of documents or information that would otherwise be non-discoverable.

**10. SUBPOENA BY OTHER COURTS OR AGENCIES:**

If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

**11. MODIFICATION - FURTHER AGREEMENTS:**

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect Confidential Information.

\\\
\\\
\\\

**STIPULATED PROTECTIVE ORDER**

**12.  COUNTERPARTS:**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

I hereby consent to the form, substance of this agreement and consent to entry of this agreement as an order.

Dated:  March 22, 2010           ROPERS, MAJESKI, KOHN & BENTLEY

By:/s/ Sean P. Flynn
   ALLAN E. ANDERSON
   SEAN P. FLYNN
   JENNIFER N. FAITRO
   Attorneys for Defendant
   IC SYSTEM, INC.

Dated:  March 22, 2010           KROHN & MOSS, LTD.

By:/s/ Nicholas J. Bontrager
   NICHOLAS J. BONTRAGER
   Attorney for Plaintiff
   CARLA PAGLIA

IT IS SO ORDERED.

DATED: June 2, 2010

*[signature: Carla M. Woehrle]*

Honorable Hon. Carla M. Woehrle

**EXHIBIT A**

AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER

I, _____, have received a copy of the Stipulation for Protective Order and Protective Order entered in the action entitled, *Carla Paglia v. IC System, Inc.* (United States District Court, Central District of California, Case No. 09cv07766 JHN-CTx.)  I have carefully read and understand the provisions of the Protective Order.  I agree that I will comply with all provisions of the Protective Order and will use any "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information only for purposes of this action.  At the end of this litigation or my involvement in this litigation, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" documents or information that comes into my possession.

Dated: _____                                    _____